THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00121-MR-WCM

| | |
|---|---|
| LYNN K. WEIDNER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MELISSA M. ADAMS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Seal [Doc. 15].

The Plaintiffs move for leave to file under seal a Joint Motion for Approval of Minor Settlements ("Motion to Approve"), as well as a brief and materials in support of the same.[1] [Doc. 15]. For grounds, the Plaintiffs state that the motion, brief, and exhibits thereto all (1) discuss private, confidential, and medically sensitive information for each of the Plaintiffs, including the Plaintiffs' medical records and medical bills and (2) reference personally identifying information for the two minor Plaintiffs, H.W. and R.W. The Defendants do not oppose the Plaintiffs' request.

---

[1] The Plaintiffs have not filed the subject motion, memorandum, and exhibits under provisional seal or otherwise submitted such documents to the Court for review.

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Here, the Plaintiffs have failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to the Plaintiffs' proposed motion. The Plaintiffs have failed to specifically identify what "private, confidential, and medically sensitive information" they wish to protect from disclosure. They further fail to explain why such information must be disclosed in a *motion* to approve a minor settlement (as opposed to, say, a supporting brief). And, to the extent that such material must be included in a supporting brief, the Plaintiffs fail to explain why less drastic alternatives to wholesale sealing of all of the proposed materials (such as redaction) are not feasible to protect the Plaintiffs' confidential information.

As for the personally identifying information for the two minor Plaintiffs, the Federal Rules of Civil Procedure and this Court's Local Rules contemplate the use of initials to reference minor Plaintiffs. It is the usual practice of this Court to reference minor Plaintiffs by their initials in the (public) order addressing the approval of the minor settlement and to attached a sealed addendum which identifies those minor Plaintiffs by their full names and dates of birth.

In sum, the Court will deny the Plaintiffs' motion without prejudice. Should the Plaintiffs choose to refile their motion, they should file their Motion

to Approve and its supporting documentation contemporaneously therewith[2] and specifically identify in their motion to seal those portions of the Motion to Approve and its supporting documentation that they seek to file under seal.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Seal [Doc. 15] is **DENIED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

Signed: July 3, 2023

Martin Reidinger
Chief United States District Judge

---

[2] It is this Court's practice to allow a party to withdraw a document filed provisionally under seal in the event that a motion to seal is denied.

4

Case 1:22-cv-00121-MR-WCM   Document 17   Filed 07/05/23   Page 4 of 4